East'n. District.
*March*, 1826.

U. STATES&AL.
*vs.*
HAWKINS'
HEIRS.

---

## JORDAN vs. WHITE.

Appeal from the parish court of the parish and city of New-Orleans.

MATHEWS, J. delivered the opinion of the court. The plaintiff in this case, claims payment of wages earned by him as pilot on board the steam-boat Teche. The answer of the defendant, who is part owner of the boat, contains three species of defence: a general denial, a plea of compensation and one in reconvention.

The evidence of the case, as it appears on the record, shows that services have been rendered by the plaintiff in the manner set

An action for damages done to goods on board, is not barred by the prescription of one year.

If the steam-boat be destroyed by fire, and the clerk is dead who kept the books, parol evidence of the contents of them may be received.

In a suit against the part owner of a steam boat, another owner is a good

East'n. District.
*March*, 1826.

JORDAN
*vs.*
WHITE.

witness for the
defendant.

Partnerships
books are good
evidence be-
tween partners.

The mate is a
good witness for
the Captain, in
a suit against
him for negli-
gence.

forth in his petition, but the testimony in rela-
tion to their duration and value is somewhat
variant. Much of the evidence offered on the
part of the defendant in support of his pleas of
compensation and reconvention, was rejected
by the court below, and judgment rendered
in favor of the plaintiff, from which the defen-
dant appealed.

In order to ascertain whether final judg-
ment should be given on the appeal, or the
cause should be remanded for a new trial, it
is necessary first to examine and decide on
the bills of exception which appear on the
record. The two first were taken by the
counsel for the plaintiff; one to the admissi-
bility of any evidence on the plea in recon-
vention, alleging that the right of action on
which it is based is lost by prescription. This
is in truth a plea of prescription, and in sup-
port of it, a principal reliance is placed on the
twenty-second law, *tit.* 9, *Part.* 7. This ti-
tle treats of slander libels, &c. and does not
in our opinion embrace the cause of action set
forth in the reconvention of the defendant; it
more properly belongs to that class of in-
juries done to the property of individuals

known under the denomination damages,
*Daños* in Spanish, and is not destroyed by pre-
scriptions of short periods. The judge *a quo*
was, therefore, correct in admitting evidence
in support of that plea. The other exception
of the appellee is to the admissibility of the
testimony of the witness Shaw, who was offer-
ed to prove that he had seen a receipt in the
receipt book of the Teche, purporting to have
been given and signed by the persons whose
property was injured by the misconduct or
negligence of the owners of the steam-boat, or
their agents, acknowledging remuneration of
the damages by them sustained, &c. The
evidence on record, establishes the fact of the
destruction of the boat by fire, and also the
death of the clerk who kept the books of said
boat. Under these circumstances, it is be-
lieved, that oral testimony was legally resort-
ed to, to prove the former existence of the re-
ceipt and its contents; therefore, there is no
error in the opinion of the judgement thus ex-
cepted to.

We come now to the exceptions taken on
the part of the defendant. The first is to the
rejection of the testimony of two witnesses
offered in favor of the appellant, on the

ground of incompetency, as having been part owners of the steam-boat Teche, with the defendant in the present case.   Their testimony seems to have been excluded by the judge *a quo*, under a belief that they are incompetent on account of interest.   It is true, as settled in the case of *Rochelle & Shiff* vs. *Musson*, reported in 3 *Martin*, 73, that one partner in commerce, cannot be legally received as a witness for his co-partners ; but this rule of evidence is confined to cases where their interest is common in the suit, wherein they are all to gain or lose by its event ; the rule is the same both at common law, from which we borrow much in relation to evidence, and in the Partidas.   See *Partidas* 3, *tit.* 16, *l.* 21. In a suit by one part owner of a vessel for the portion of freight to which he may be entitled, or for damages which he may have suffered by the negligence of the master or commander, the other owners are not directly or indirectly interested in the event of such suit.   It is true they might in that way support each, the others claims ; but this is a circumstance that must go to affect their credibility, not competency, as witnesses. We are therefore of opinion, that the judge erred in rejecting the

testimony of the two witnesses, L. and M. Ro-

bitaille.

The next exception is to the opinion of the judge, by which he refused to admit two books of account, said to have been kept by Clifford, the clerk of the boat, who is since dead. Proof was offered of his hand writing. These books purport to show the transactions of the boat at a time when the appellee was a part owner and commander, and consequently were under his immediate care and inspection. The books of a partnership are certainly, *prima facie*, good evidence between the partners, and might be conclusive, unless it should be shown that the entries in them were made in error or fraud. We think the judge erred in rejecting the books offered. The third and last bill of exceptions, exhibits a question not so easy of solution as either of the others. It is to the opinion of the judge, by which Peck, the mate of the boat was allowed to testify for the plaintiff, in relation to the alleged injury done to the cargo, and for which the owners made amends at the time when the plaintiff was captain or master.

There is a general rule of evidence, founded on the convenience of trade, that agents

and servants may be received as witnesses for their principals and masters, without a release of responsibility for apparent misconduct or negligence, where the affairs conducted by them have been in the ordinary course of business. This rule has its exceptions, one of which is, that in an action against a principal for negligence of his agent or servant, the latter is not competent to disprove the negligence, as the verdict might be given in evidence in an action by the defendant against the witness as to the quantum of damages, and he is directly interested to defeat the action. See *Phillips' Evidence, p.* 95. According to this exception, the plaintiff, in the present case, could not have been admitted to testify for the owners of the boat in an action against them, for loss occasioned by his alleged negligence; and if the mate be answerable over to him for the negligence complained of, on the same principle, the latter is not a competent witness. But we are inclined to believe that as all persons employed in the navigation of vessels are the direct servants of the owners, in different grades of authority, on a charge of negligence against any one of them, the others are competent to prove or

disprove such negligence. The mate was,
therefore legally admitted as a witness.—
Consequently there is no error in the opinion
of the judge *a quo* on this bill of exceptions.

The whole evidence of the case, as given in the trial in the court below, appears on the record, and we might proceed to give final judgment on the appeal. But as part of the testimony offered by the defendant was improperly rejected, which if it had been admitted, might possibly have been rebutted by evidence in the power of the plaintiff; it is believed to be the safest and most proper course to pursue, to remand the cause.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the case be remanded for a new trial, the appellee paying the costs of this appeal.

*M'Caleb & Byrnes* for the plaintiff, *Carleton & Lockett* for the defendant.